UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE,

        Plaintiff,

v.

MARC BORBELY, *et al.*,

        Defendants.

Case No. 25-cv-2149 (JMC)

**<u>MEMORANDUM OPINION</u>**

Defendants removed this case from the Superior Court of the District of Columbia to this Court on July 7, 2025. ECF 1. One week later, they filed a motion to dismiss. ECF 6. Because Plaintiff is appearing pro se, the Court entered a *Fox* order directing Plaintiff to respond to that motion by August 15, 2025. ECF 7. The Court warned Plaintiff that failure to respond could result in the Court deeming the matter conceded. A few days after that, on July 18, the Court entered a separate order requiring Plaintiff—who filed this case under a pseudonym—to either file a motion to proceed under a pseudonym or to file her full name, as is generally required by the Federal Rules of Civil Procedure. Minute Order July 18, 2025. The Court ordered Plaintiff to do one of those two things by August 8, 2025.

Plaintiff failed to comply with either order and filed neither a response to the motion to dismiss nor any further documents in relation to her pseudonym. So on August 20, 2025—after both of the deadlines the Court previously set had passed—the Court entered a show cause order, giving Plaintiff until September 3, 2025, to comply with the order regarding the pseudonym and to show cause as to why the case should not be dismissed for failure to prosecute. ECF 9. The

1

Court mailed a copy of that show cause order to Plaintiff, but it was returned as undeliverable. ECF 10.

To date, Plaintiff has not complied with any of the Court's orders. In fact, the Court has not heard from Plaintiff in any form, given that the case was removed by Defendants. That one of the Court's orders—but not all of them—were returned as undeliverable does not excuse Plaintiff's failure to respond. The local rules require pro se plaintiffs to file a "[n]otice of a change in address . . . within 14 days of the change," and Plaintiff has filed no such notice here. Local Civ. R. 5.1(c)(1); *see also Hatton v. Mehrotra*, No. 22-cv-1587, 2022 WL 17146752, at *1 & n.1 (D.D.C. Nov. 22, 2022) (dismissing for failure to prosecute despite fact one order was returned as undeliverable after being sent to pro se plaintiff). District courts "have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order." *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 775 (D.C. Cir. 2012) (citing Local Civ. R. 83.23). The Court exercises that power here, and it is therefore

**ORDERED** that this case is **DISMISSED** without prejudice for failure to prosecute. Defendants' motion to dismiss, ECF 6, is accordingly **DENIED** as moot. A separate order accompanies this memorandum opinion.

                                                                                          _____
                                                                                          JIA M. COBB
                                                                                          United States District Judge

Date: September 26, 2025